T.C. Memo. 2003-315


UNITED STATES TAX COURT


PETER WOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14398-02.              Filed November 12, 2003.


Peter Wood, pro se.

<u>David L. Zoss</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax (tax):

| Year | Deficiency | Additions to Tax | | |
|---|---|---|---|---|
| | | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1995 | $78,117 | $16,573.25 | $0 | $3,412.62 |
| 1996 | 9,857 | 642.83 | 714.25 | 301.28 |
| 1997 | 41,120 | 8,802.00 | 9,780.00 | 2,091.52 |

In an amendment to answer (respondent's amendment to answer), respondent alleged increases of $71.42 and $1,478 in the additions to tax under section 6651(a)(1) for 1996 and 1997, respectively.[2]

The issues remaining for decision are:[3]

(1) Did petitioner operate during each of the years at issue a sole proprietorship engaged in the business of selling jewelry and certain other items?  We hold that he did.

(2) Does petitioner have unreported Schedule C net profit for each of the years at issue in the amount that respondent determined in the notice?  We hold that he does.

(3) Is petitioner's filing status for each of the years at issue married filing separately?  We hold that it is.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In respondent's amendment to answer, respondent conceded the determinations under sec. 6651(a)(2) for 1996 and 1997 that respondent determined in the notice of deficiency (notice) issued to petitioner.

[3]In addition to the issues remaining for decision listed below, there are other questions relating to certain determinations in the notice that are computational in that their resolution flows automatically from our resolution of the remaining issues that we address herein.

(4) Is petitioner liable for an addition to tax under section 6651(a)(1) for each of the years at issue? We hold that he is.

(5) Is petitioner liable for an addition to tax under section 6654(a) for each of the years at issue? We hold that he is.

FINDINGS OF FACT

Most of the facts have been deemed established pursuant to Rule 90(c) and pursuant to the Court's Order under Rule 91(f) dated May 8, 2003.

At the time he filed the petition in this case, petitioner's mailing address was in Excelsior, Minnesota.

Beginning in 1990 and continuing throughout each of the years at issue, petitioner operated a sole proprietorship under the name Native Skies. (We shall refer to petitioner's sole proprietorship Native Skies as petitioner's sole proprietorship.) At all relevant times, including during each of the years at issue, petitioner's sole proprietorship was engaged in the business of selling jewelry and certain other items, such as rugs.

On April 6, 1994, the Secretary of State of Minnesota (Secretary of State) issued a certificate of incorporation to a corporation identified in that certificate as "Native Skies Inc." During the years at issue, Native Skies, Inc., was inactive.

During those years, no corporate bylaws for Native Skies, Inc., and no minutes of any meetings of Native Skies, Inc., existed. During 1996 and 1997, Native Skies, Inc., did not file an annual registration form with the Secretary of State and was not in good standing in the State of Minnesota.[4] Native Skies, Inc., did not file any Federal income tax return, any Federal employment tax return, or any information return with the Internal Revenue Service for any of the years at issue. Nor did Native Skies, Inc., issue any Form W-2 or any Form 1099 for any of those years.

During each of the years at issue, petitioner maintained a business bank account in the name of Native Skies, Inc., at First National Bank of the Lakes (petitioner's corporate business bank account). During each such year, petitioner deposited into petitioner's corporate business bank account business receipts from petitioner's sole proprietorship and withdrew from that account funds to pay expenses associated with petitioner's sole proprietorship.

During each of the years at issue, petitioner and his spouse maintained two personal joint bank accounts at First National Bank of the Lakes (petitioner's personal bank accounts). During each month of each of the years at issue, between $3,000 and

_____

[4]The deemed admissions and matters deemed stipulated indicate that during 1995 Native Skies, Inc., did not file an annual registration form with the Secretary of State and was not in good standing in the State of Minn. Respondent acknowledges that that deemed admission and deemed stipulation is not accurate.

$3,600 was automatically transferred from petitioner's corporate business bank account into one of petitioner's personal bank accounts. During each such year, petitioner and his spouse used petitioner's personal bank accounts primarily for the payment of their personal expenses.

In order to calculate the gross receipts that petitioner derived from petitioner's sole proprietorship during each of the years at issue, respondent used the bank deposits method with respect to petitioner's corporate business bank account and petitioner's personal bank accounts. According to the bank deposits method, petitioner had the following gross deposits, nontaxable deposits, and gross receipts derived from petitioner's sole proprietorship for each of the years at issue:

| Year | Gross Deposits | Nontaxable Deposits | Gross Receipts |
|------|----------------|---------------------|----------------|
| 1995 | $481,365.17 | $47,058.58 | $434,306.59 |
| 1996 | 341,029.75 | 31,000.00 | 310,029.75 |
| 1997 | 490,908.45 | 151,000.00 | 339,908.45 |

In addition to using the bank deposits method in order to calculate the gross receipts that petitioner derived from peti-tioner's sole proprietorship during each of the years at issue, respondent used billing invoices and/or purchase orders generated by that business (petitioner's billing invoices and/or purchase orders) in order to calculate such gross receipts. According to petitioner's billing invoices and/or purchase orders, petitioner had the following gross receipts derived from petitioner's sole

proprietorship for each of the years at issue:

| Year | Gross Receipts |
|------|----------------|
| 1995 | $449,283.08 |
| 1996 | 330,646.69 |
| 1997 | 339,646.51 |

On January 9, 1996, respondent sent petitioner a letter (respondent's first notice of inadequate records) notifying him that he was not keeping adequate records with respect to petitioner's sole proprietorship, as required by the Code, which would enable him to report accurately, and respondent to verify accurately, petitioner's tax liability.[5] Respondent's first notice of inadequate records directed petitioner to send respondent within six months an explanation (required explanation) of how petitioner had corrected his recordkeeping in order to meet the requirements of the Code.

On July 22, 1996, respondent sent petitioner a letter (respondent's second notice of inadequate records) informing petitioner that respondent had not received from him the required explanation.[6] Respondent's second notice of inadequate records directed petitioner to notify respondent within 15 days about the steps that he had taken to correct the recordkeeping problems described in respondent's first notice of inadequate records.

---

[5]Respondent's first notice of inadequate records did not indicate the year or years to which that notice pertained.

[6]Respondent's second notice of inadequate records indicated that it pertained to petitioner's taxable years 1991, 1992, and 1993.

Petitioner did not file a tax return for any of his taxable years 1995, 1996, or 1997.[7] Petitioner made estimated tax payments in the amounts of $11,824, $3,500, and $2,000 for those respective years.

On June 4, 2002, respondent issued a notice to petitioner with respect to his taxable years 1995, 1996, and 1997. In that notice, respondent determined, inter alia, that petitioner had the following unreported Schedule C net profit[8] for the years at issue:

---

[7]In February 1998, petitioner and his spouse filed an application for a mortgage (petitioner's mortgage application) on their secondary residence in Deerwood, Minn. As noted above, petitioner did not file a tax return for any of the years at issue. However, attached to petitioner's mortgage application were copies of unfiled returns (petitioner's unfiled returns) for those respective years. Schedule C, Profit or Loss From Business (Schedule C), of each of petitioner's unfiled returns for the years at issue reflected that petitioner operated a sole proprietorship which was engaged in the business of selling jewelry and gift items. Those respective Schedules C claimed net profit of $142,056.13, $132,793.19, and $102,107.20, respectively.

[8]In determining in the notice petitioner's Schedule C net profit for each of the taxable years 1995, 1996, and 1997, respondent accepted as substantiated by petitioner the following amounts of cost of sales incurred by petitioner's sole proprietorship:

| Year | Cost of Sales |
|------|---------------|
| 1995 | $244,521.55 |
| 1996 | 274,883.38 |
| 1997 | 223,597.37 |

| Year | Schedule C Net Profit[1] |
|------|--------------------------|
| 1995 | $204,761.53 |
| 1996 | 35,146.37 |
| 1997 | 116,049.14 |

[1]The Schedule C net profit that respondent determined in the notice for each of the years 1995 and 1997 is equal to petitioner's gross receipts calculated in accordance with petitioner's billing invoices and/or purchase orders minus the cost of sales that respondent accepted in the notice as substantiated by petitioner. With respect to 1995, petitioner's gross receipts calculated in accordance with petitioner's billing invoices and/or purchase orders (i.e., $449,283.08) was larger than petitioner's gross receipts calculated under the bank deposits method (i.e., $434,306.59). With respect to 1997, petitioner's gross receipts calculated in accordance with petitioner's billing invoices and/or purchase orders (i.e., $339,646.51) was smaller than petitioner's gross receipts calculated under the bank deposits method (i.e., $339,908.45). The Schedule C net profit that respondent determined in the notice for 1996 is equal to petitioner's gross receipts calculated under the bank deposits method minus the cost of sales that respondent accepted in the notice as substantiated by petitioner. With respect to 1996, petitioner's gross receipts calculated under the bank deposits method (i.e., $310,029.75) was smaller than petitioner's gross receipts calculated in accordance with petitioner's billing invoices and/or purchase orders (i.e., $330,646.69). The record does not disclose the reasons for the foregoing actions of respondent.

Respondent further determined in the notice that petitioner was liable for each of the years at issue for additions to tax under sections 6651(a)(1) and 6654(a).

OPINION

Respondent concedes that section 7491 is applicable in the instant case. With respect to section 7491(a), respondent maintains that petitioner has not introduced credible evidence under section 7491(a)(1) or complied with section 7491(a)(2) and that therefore the burden of proof with respect to respondent's

deficiency determinations for the years at issue does not shift to respondent. On the instant record, we agree with respondent. We conclude that petitioner has the burden of proving that respondent's deficiency determinations are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent, however, has the burden of proof with respect to the increase in the addition to tax under section 6651(a)(1) for each of the years 1996 and 1997 that respondent alleged in respondent's amendment to answer. Rule 142(a)(1).

At trial, the only issue about which petitioner testified related to whether during each of the years at issue petitioner's sole proprietorship or Native Skies, Inc., operated a business engaged in selling jewelry and certain other items.[9] Petitioner testified that Native Skies, Inc., and not petitioner's sole proprietorship, operated that business. Petitioner's testimony is contrary to the matters deemed established in the instant case. We are unwilling to rely on that testimony. The matters deemed established show that during each of the years at issue petitioner's sole proprietorship, and not Native Skies, Inc., operated a business engaged in selling jewelry and certain other items, such as rugs. On the record before us, we find that petitioner has failed to carry his burden of showing that during each of the years at issue petitioner's sole proprietorship did

---

[9]Although the Court provided petitioner an opportunity to file a brief in this case, petitioner declined to do so.

not operate a business engaged in selling jewelry and certain other items.

We turn now to the determinations in the notice. With respect to the determinations regarding petitioner's Schedule C net profit, petitioner proffered certain documentary evidence at trial, presumably in support of his position that he does not have the Schedule C net profit for each of the years at issue that respondent determined in the notice. The Court allowed that documentary evidence into the record as nothing more than petitioner's self-serving, uncorroborated, and unsubstantiated summaries of the gross receipts and the expenses that he claims he has for each of the years at issue. We are unwilling to rely on those summaries. On the record before us, we find that petitioner has failed to carry his burden of showing that respondent was wrong in determining that petitioner has Schedule C net profit for each of the years at issue in the amount that respondent determined in the notice.

With respect to the determinations regarding petitioner's filing status, petitioner has failed to carry his burden of showing that respondent was wrong in determining that petitioner's filing status for each of the years at issue is married filing separately.

With respect to the determinations under section 6651(a)(1), the matters deemed established show that petitioner did not file

a tax return for any of the years at issue.  On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c) with respect to the addition to tax under section 6651(a)(1) for each of the years at issue that respondent determined in the notice.  On that record, we further find that petitioner has failed to carry his burden of showing that respondent was wrong in determining that petitioner is liable for each such year for such addition to tax.

With respect to the increase in the addition to tax under section 6651(a)(1) for each of the years 1996 and 1997 which respondent alleged in respondent's amendment to answer and on which respondent has the burden of proof, respondent claims that such an increase for each such year is appropriate for the following reasons.  As discussed above, in respondent's amendment to answer respondent conceded the respective determinations in the notice under section 6651(a)(2) for the years 1996 and 1997.  According to respondent, respondent's concession requires that the amount of the addition to tax under section 6651(a)(1) be calculated under that section without regard to section 6651(c)(1).  We agree.  On the record before us, we find that respondent has carried respondent's burden of showing that the amount of the addition to tax under section 6651(a)(1) that respondent determined in the notice for each of the years 1996

and 1997 should be increased.[10]

With respect to the determinations under section 6654(a), the matters deemed established show that petitioner did not file a tax return for any of the years at issue. Those matters also show that petitioner made an estimated tax payment for each of the years at issue in an amount significantly less than the amount of the deficiency in tax that respondent determined, and that we have sustained, for each such year. On the record before us, we find that respondent has satisfied respondent's burden of production with respect to the addition to tax under section 6654(a) for each of the years at issue. On that record, we further find that petitioner has failed to establish that any of the exceptions in section 6654(e) apply in the instant case. On the record before us, we find that petitioner has failed to carry his burden of showing that respondent was wrong in determining that petitioner is liable for each such year for such addition to tax.

---

[10]It appears that respondent may have made an error in respondent's amendment to answer in computing the increase in the addition to tax under sec. 6651(a)(1) for 1997. It appears that in that computation respondent failed to credit petitioner with petitioner's $2,000 estimated tax payment with respect to 1997. See sec. 6651(b). Any such computational error shall be taken into account by the parties in the computations under Rule 155.

To reflect the foregoing and the concessions of respondent under section 6651(a)(2),

Decision will be entered

under Rule 155.